UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:17-cr-20335

HONORABLE STEPHEN J. MURPHY, III

v.

NUA GJOKAJ,

        Defendant.
                               /

**ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [46]**

On May 8, 2020, Defendant Nua Gjokaj filed an initial motion for release under the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c). ECF 42. The Court denied the motion because Defendant had failed to satisfy the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A). ECF 45. On July 6, 2020, after Defendant had exhausted his administrative remedies through the Bureau of Prisons, he filed a second motion for compassionate release and reiterated his concerns about the COVID-19 pandemic. ECF 46. The Government opposed Defendant's request. *See* ECF 50.

To be eligible for compassionate release, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides guidance about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. Those reasons are classified in four categories: (1) Defendant's medical condition; (2)

Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" reasons in the first three categories. *Id.* at cmt. n.1(A)–(D). Only the first category—medical conditions—applies to Defendant.

But Defendant did not show that "extraordinary and compelling reasons" warrant his release from custody. Defendant is fifty-three years old and suffers from high blood pressure (hypertension) and high cholesterol. ECF 50, PgID 233; ECF 51, PgID 246 (under seal). The CDC does not list high cholesterol as an underlying medical condition that increases the risks associated with COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. And Defendant's high cholesterol does not place him at a high risk for complications associated with COVID-19.

The CDC does, however, list hypertension as an illness that creates a potentially higher risk for complications associated with COVID-19. *Id.* But compassionate release is proper "only upon a finding of numerous and severe medical conditions that place [Defendant] at a significantly higher risk for severe illness from COVID-19." *United States v. Alzand*, No. 18-cr-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020) (collecting cases). Hypertension alone is not a "sufficiently 'extraordinary or compelling' [reason] such that compassionate release is [] necessary." *United States v. Benzer*, No. 13-CR-18, 2020 WL 3172993, at *2 (D. Nev. June 15, 2020); *see also United States v. Phillips*, No. 12-20372, 2020 WL 3071849, at *4 (E.D. Mich. June 10, 2020) (finding hypertension, diabetes, and asthma were not

"extraordinary and compelling reasons to reduce" a fifty-year-old defendant's sentence); *United States v. Bueno-Sierra,* No. 93-cr-00567, 2020 WL 2526501, at *5 (S.D. Fla. May 17, 2020) (denying compassionate release to a seventy-two-year old with hypertension and diabetes even though "diabetes and hypertension [] are risk factors that are designated in the CDC's guidance" about elevated risks associated with COVID-19). Defendant's hypertension alone cannot warrant compassionate release, and the Court will therefore deny the motion.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for compassionate release [46] is **DENIED.**

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 27, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 27, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager